IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHIRLEY ANN CHIN and ) | |
| GERY LIVINGSTON-GROSS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| ) | CASE NO. 3:13-1282 |
| vs. ) | JUDGE TRAUGER/KNOWLES |
| ) | |
| ) | |
| CIRCUIT OF THE AMERICAS, ) | |
| D/B/A COTA, ) | |
| ) | |
| and ) | |
| ) | |
| FERRARI CLUB OF AMERICA, ) | |
| D/B/A FCA, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

The Court has received a letter dated March 21, 20114, from pro se Plaintiff Shirley Chin, the body of which states in relevant part:

> I am informing you that I would like to dismiss the case against the Circuit of the Americas. My husband, Gery L. Gross, passed way 2/25/14 and I do not have the energy to carry on with any disputes. I beg your forgiveness in all matters involved.

Docket No. 25, p. 1.

Plaintiffs Chin and Livingston-Gross filed this action pro se against two Defendants, Circuit of the Americas and Ferrari Club of America. Docket No. 1. On March 21, 2014, Plaintiff Chin and Defendant Ferrari Club of America filed a document headed "Suggestion of Death of Plaintiff Gery Livingston-Gross." Docket No. 22. That document states, "In accordance with Rule 25(a), Plaintiff Shirley Ann Chin and Defendant Ferrari Club of America,

Inc. give notice of the death of Plaintiff Gery Livingston-Gross during the pendency of this action."

That same day, Plaintiff Shirley Ann Chin and Defendant Ferrari Club of America filed a "Stipulation of Dismissal as to Ferrari Club of America, Inc." Docket No. 23. The body of that Stipulation of Dismissal states:

> Pursuant to Rule 41(a)(1)(ii), Plaintiff Shirley Ann Chinn [*sic*] and Defendant Ferrari Club of America, Inc. stipulate to the dismissal of all claims asserted against Defendant Ferarri Club of America, Inc. WITH PREJUDICE. This Stipulation does not affect any claim asserted against any other party.

*Id*.

Rule 41(a)(1)(ii) provides in relevant part:

> [T]he plaintiff may dismiss an action without a court order by filing:
>
> . . .
>
> (ii) A stipulation of dismissal signed by all parties who have appeared.

Plaintiff Gery Livingston-Gross, who has clearly appeared in this action, did not sign the Stipulation of Dismissal.[1] Thus, it appears that the Stipulation of Dismissal itself is not effective to dismiss the claims of Shirley Chin against Defendant Ferrari Club of America.

Rule 41(a)(2), however, states in relevant part:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.

It seems clear from the Stipulation of Dismissal that Shirley Chin seeks to dismiss her

---

[1] According to Plaintiff Chin's letter, Mr. Livingston-Gross passed away on February 25, 2014, while the Stipulation of Dismissal was not filed until approximately one month later.

claims against Ferrari Club of America with prejudice. The undersigned recommends, therefore, that Judge Trauger enter an Order dismissing the claims of Shirley Chin against Defendant Ferrari Club of America, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(2).

Likewise, it seems clear that Plaintiff Shirley Chin wishes to dismiss her claims against Defendant Circuit of the Americas. Docket No. 25. Therefore, the undersigned recommends that Judge Trauger enter an Order dismissing the claims of Plaintiff Shirley Chin against Defendant Circuit of the Americas, pursuant to Fed. R. Civ. P. 41(a)(2).

Pursuant to Fed. R. Civ. P. 25(a), however, the claims of Plaintiff Gery L. Gross are not "automatically" dismissed by his death. Those claims should remain pending as contemplated by Rule 25(a)(1).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge